322 So.2d 503 (1975)
The SENTINEL STAR EXPRESS COMPANY d/b/a Jack Rabbit Express, Petitioner,
v.
The FLORIDA PUBLIC SERVICE COMMISSION, Respondent.
No. 46347.
Supreme Court of Florida.
September 24, 1975.
*504 Gregory A. Presnell of Akerman, Senterfitt, Eidson & Wharton, Orlando, and Norman J. Bolinger of Schwartz, Bolinger & Peterson, Jacksonville, for petitioner.
Prentice P. Pruitt, Norman H. Horton, Jr., Tallahassee, and Sol H. Proctor, Jacksonville, for respondent.
ENGLAND, Justice.
By petition for a writ of certiorari, petitioner ("Sentinel") asks us to review and reverse an order of the Public Service Commission granting ASI, Inc. ("ASI") a certificate of public convenience and necessity to operate as a private contract carrier under Section 323.04, Florida Statutes (1973). We have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution.
ASI applied to the Commission for permission to carry freight for Stanley Home Products ("Stanley") between certain points in Florida, and Stanley supported the application. The application was opposed by Sentinel, which holds a common carrier's certificate for similar territory in the state, and another common carrier.
Public hearings were conducted before a hearing examiner, who denied ASI's application. Exceptions to his report were filed and oral argument was held before the full Commission. The Commission reversed the examiner and granted ASI's application on the ground that contract carriage under Section 323.04, Florida Statutes (1973), requires special services or equipment not generally provided by a common carrier, and that the record substantiates Stanley's need for both special services and dedicated equipment. The Commission subsequently denied requests for reconsideration and for additional oral argument.
Sentinel complains that the Commission's conclusion is the exact opposite of its hearing examiner's although purportedly based on the same facts. The examiner's report and the Commission's order are identical in several respects, including the underlying facts as to Stanley's product distribution system, its carriage needs, and Sentinel's *505 carriage capability. The report and order are also identical in the test they have applied to distinguish common from contract carriage. They differ, however, in their characterization of the nature of services which ASI proposes to perform for Stanley. The examiner concluded:
"Since ASI proposes to provide only those transportation services normally provided by parcel and general commodity carriers, this application must be denied."
The Commission concluded:
"There is testimony in this instance that ASI intends to dedicate equipment to Stanley and utilize the same drivers to make weekly deliveries... . that ASI will place the orders where the dealers wish, will deliver at certain localities when the dealers are not home, will deliver after 5:00 P.M. and will attempt to deliver on a time schedule.
......
In consideration of the foregoing, this Commission is of the opinion that a sufficient showing of public convenience and necessity has been made together with a showing that the carriage is of a specialized nature... ."
By law only the Commission is empowered to issue a certificate of public convenience and necessity for private contract carriage. Section 323.04(3)(a), Florida Statutes (1973).[1] Sentinel has no vested right in the hearing examiner's application of facts to arrive at a conclusion of law. The Commission's conclusion is buttressed by substantial and competent facts, and the contrary conclusion of the examiner is of no legal significance.[2] Under these circumstances the Commission's decision may not be disturbed by this Court.
With respect to Sentinel's suggestion that it has an absolute right to present oral argument on a petition for reconsideration where the recommendation of an examiner is rejected, we disagree. A petition for reconsideration is used to bring to an agency's attention specific matters which do not appear to be reflected in its reasoning and decision.[3] By this means the need for judicial review can be obviated, and the expertise of the agency can be expressed within the framework of goals established by the Legislature. Where the petition only seeks a second hearing on the same contentions, these policies are not furthered. Without exception, the alleged errors in this case were major issues which were fully argued before the Commission on review of the examiner's report. There was no error in refusing petitioner a second oral argument.
The petition for writ of certiorari is denied.
ADKINS, C.J., ROBERTS, J., and HENSLEY and MELVIN, Circuit Judges, concur.
NOTES
[1] Section 323.04(3)(a) directs that a hearing "be held by the commission." Sentinel does not complain, however, that the Commission was without authority to delegate this function to a hearing examiner.
[2] Cf. Section 120.68(9)-(12) and (14), Fla. Stat. (Supp. 1974).
[3] See Stewart Bonded Warehouse, Inc. v. Bevis, 294 So.2d 315, 317 (Fla. 1974).