OVERTON, Justice.
Petitioners in each of the above causes seek review by certiorari of Public Service Commission orders granting authority, with certain restrictions, to S & B Messenger Service for the transportation of valu-bles, jewelry, and money in Dade and Broward Counties. Each of the petitioners is an armored car service and holds a Certificate of Public Convenience and Necessity to transport moneys and negotiable and nonnegótiable securities over irregular routes. They appeared as protestants before the examiner and the Public Service Commission. The orders of the Commission were entered contrary to the recommendation of the examiner in this cause.
Petitioners contend that the orders of the Commission granting S & B’s application should be quashed on the grounds that: (1) evidence presented by S & B to establish proof of public convenience and necessity was derived from its unauthorized operations and therefore was inadmissible under Southern Armored Service, Inc. v. Mason, 167 So.2d 848 (Fla.1964); (2) the Commission failed to require S & B to file a schedule of rates, fares, and charges as required by Section 323.08, Florida Statutes; and (3) the granting of S & B’s application would have a detrimental effect on the existing service of Brink’s and Wells Fargo.
The record reflects the following facts. The applicant, S & B, at the time of its application was the holder of a Commission-issued for-hire permit which authorized it to transport valuables, jewelry, money, and other small parcels over irregular routes in portions of Dade and Bro-ward Counties. S & B uses a station wagon or van-type vehicle and protects its goods with a Doberman pinscher dog in the vehicle and a concealed weapon carried by the operator. The witnesses for the applicant, S & B, were its operator and four customers. The customer-witnesses testified that S & B provided a needed service on a regularly scheduled basis. It is clear from the testimony that S & B’s service was prompt, punctual, and reliable.
With reference to the first issue, the respondent-applicant and the Commission admit that the strong testimony of three of the customer-witnesses was based to a substantial degree upon operations of the applicant which were unauthorized under S & B’s for-hire permit. There is conflict between the petitioners and the respondents whether the fourth customer-witness’ testimony was based upon unau *815 thorized operations of S & B. The applicant and the Commission take the position that regardless of the testimony of the other witnesses, the testimony of this one customer-witness is sufficient on which to base the grant of authority. With this we disagree. In our opinion, the one customer’s testimony in this specific case is not sufficient substantial competent evidence to show public convenience and necessity. Upholding the grant of the certificate upon that testimony would be paying only lip service to the illegal evidence rule set down by this Court in Southern Armored Service, Inc. v. Mason, supra.
On the second point we agree with the Commission that the requested operation by S & B constitutes an armored car service within the statute. The term “armored car service” does not technically require that the vehicle providing the service must be equipped with armored ■ plate. It does require that the operation provide transportation which “is more or less incidental to the protective services afforded.”
As to the final point raised by the petitioners, we agree with the Commission that the evidence in this cause fails to reveal any detrimental effect on the existing armored car services in the area.
The petition for writ of certiorari is granted. Orders No. 10959, 11387, and 11387-A of the Public Service Commission are quashed and this cause is remanded without prejudice for further hearings before the Commission for the purpose of allowing the applicant an opportunity to present additional competent evidence to sustain its application.
It is so ordered.
ADKINS, C. J., ROBERTS and BOYD, JJ,, and FERRIS, Circuit Judge, concur.