HATCHETT, Judge.
Petitioners here participated as intervening protestants in certain Florida Public Service Commission (PSC) proceedings, Docket No. 73797-CCB, in opposition to an application by Executive Bus Service, Inc. (Executive) for authority to transport passengers in Dade, Broward and Palm Beach Counties. As carriers already authorized to operate in the same area, petitioners seek to overturn the PSC’s award to Executive of a certificate of public necessity and convenience. The constitution confers on this Court jurisdiction to “issue writs of certiorari to commissions established by general law having statewide jurisdiction.” Fla.Const, art. V § 3(b)(3) (1973). See Rule 4.1, Florida Appellate Rules, 1962 Revision; Fla.Stat. § 350.641(1) (1973). Because petitioners advance substantially the same arguments, we have consolidated their petitions for writ of certiorari. We grant the writ, quash PSC Orders Nos. 11755 and 11939, and remand for the taking of additional evidence.
Executive applied for authorization to transport passengers in minibuses with bilingual drivers (a) from points in Dade, Broward and Palm Beach Counties to the Pompano Beach Harness Track on a regular basis; (b) between Miami and Palm Beach with intermediate stops on a regular *439 basis; and (c) on a charter basis from stops served on a regular basis. In Order No. 11,755, the commission denied the first portion of Executive’s application (a) and denied authority for charters (c), but issued a certificate of public convenience and necessity, No. 1194, authorizing Executive to transport passengers on a regular basis between Miami and Palm Beach, with intermediate stops (b). On petitions for reconsideration, the commission reversed itself by granting authority for charters (c) in Order No. 11,939. In Order No. 11,939, the PSC upheld its original grant of authority as to regular service between Miami and Palm Beach.
Decision of the present case turns on whether Executive adduced substantial, competent evidence sufficient to justify the PSC’s award to it of authority to transport passengers, in minibuses with bilingual drivers, between Miami and Palm Beach on a regular basis. We conclude that the PSC acted on insufficient evidence in granting this authority; it follows that the grant of charter authority must also be set aside, because a grant of charter authority cannot stand alone. The rule is:
In no event may the commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers. FlaStat. § 323.14(2) (1973).
We do not reach the question of the PSC’s denial of regular authority to transport passengers to the harness track, inasmuch as Executive filed no petition for writ of certiorari; nor, in this Court, has Executive otherwise called into question the PSC’s decision denying the first portion of its application.
Only four witnesses testified specifically in support of the portion of Executive’s application by which it sought authority to transport passengers between Miami and Palm Beach, with intermediate stops. Each witness spoke Spanish and was from Miami; one did not actually testify but adopted the testimony of another. Of the remaining three, two had never ridden on a bus from Miami to Palm Beach or any intermediate point and had no plans to do so. The final witness, who ordinarily relied on his own car for transportation, had used bus service once or twice during the gasoline shortage. Their testimony, given through an interpreter, was to the effect that Spanish speaking persons not fluent in English could not easily communicate with bus drivers who spoke no Spanish; so that for them travel on buses was difficult and might mean getting lost. The fact the witnesses themselves did not ride buses showed the need for bilingual drivers, Executive argued.
After taking evidence, the PSC hearing examiner recommended denial of Executive’s application in this, as in all other respects.[1] As indicated above, the commission followed the examiner’s recom *440 mendation in the present case as to the harness track route but disregarded the recommendation otherwise. The PSC is free to give what weight it chooses to recommendations of its hearing examiners. Sentinel Star Express Company, d/b/a Jack Rabbit Express v. The Florida Public Service Commission, 322 So.2d 503 (Fla.1975). We must decide whether there is substantial, competent evidence to support the commission’s findings. Gulf Oil Co. v. Bevis, 322 So.2d 30 (Fla.1975); DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957); Florida Motor Lines, Inc. v. State Railroad Commission, 101 Fla. 1018, 132 So. 851, 862 (1931). This is not a matter of simply choosing beween the PSC’s findings and those recommended by its examiner. Florida Limousine Service, Inc. v. Florida Public Service Commission, 317 So.2d 742 (Fla.1975). We are bound by the PSC’s findings of fact where substantial, competent evidence supports those findings, even in a case where the preponderance of the evidence, in our view, supports contrary recommendations by a hearing examiner. In the present case, however, we conclude that the meager evidence adduced to show a need for bilingual drivers over routes already heavily travelled[2] is insufficient to justify the PSC’s action.
We grant the petition for writ of certiorari and quash Orders Nos. 11755 and 11939 on account of the lack of substantial evidence to support the PSC action. But we do not question the proposition that it is within the PSC’s power to require a public utility to make available Spanish speaking personnel, where there has been an adequate showing that the public convenience and necessity so require; and, accordingly, we remand “without prejudice for further hearings before the Commission for the purpose of allowing the applicant an opportunity to present additional competent evidence to sustain its application.” Wells Fargo Armored Service Corporation of Florida v. Bevis et al., (Fla.1975), 320 So.2d 813.
It is so ordered.
ADKINS, C. J., and ROBERTS and SUNDBERG, JJ., concur.
ENGLAND, J., concurs with an opinion.

. The hearing examiner pointed up several problems with the application, in his recommendation :
Although it proposes three round trips daily between Miami and Palm Beach, serving Miami Beach, Hollywood, Ft. Lau-derdale, Pompano, Boca Baton, Delray Beach, Lake Worth and West Palm Beach on each trip, it has no firm plans for terminal locations, has obtained no municipal approvals to stop on city street corners and is presently looking for space to put its offices, fuel pumps and repair shop. If this application is granted, applicant would commence operations with mini-buses driven by bilingual drivers. Further elaboration about the applicant is difficult as the ap-licant’s officers were vague as to its corporate make-up and had no real knowledge of its financial composition. For example, Guy Jones claims to have been president of the applicant corporation since December 10, 1973, but the sworn application reflects Bichard B. Austin as president on December 10, 1973 (See Bule 25-5.07, F.A.O.). Besides having no ready understanding of its own corporate and financial matters, the applicant seemed reluctant to apprise this Commission of details in several areas. For example, during the hearing, the vice-president ran from the room rather than voluntarily receive service of a subpoena re *440 quiring production of books and records of corporations pertaining to applicant’s structure ; on another occasion he refused to answer a question concerning applicant’s policy regarding withholding social security from drivers’ paychecks.

. The hearing examiner found, as follows:
Greyhound has present authority from this Commission to operate over the exact route proposed by applicant. To serve that route as well as the rest of the state, it keeps many buses, drivers and facilities. Examination of the applicant’s schedules shows each trip leaving at nearly the same time as Greyhound and every departure is always sandwiched among at least two Greyhound departures. Further, Greyhound often offers passengers the choice of express service along a portion of the trip. For example, applicant’s 10:10 a. m. bus from Palm Beach is preceded by two Greyhounds : a local and an express to Miami that both leave at 9:30 a. m. After that, Greyhound has a local and an express to Miami at 11:15 a. m. and 11:25 a. m. respectively. Comparison of the rest of the times would reveal similar duplicative schedules.
In Order No. 11755, the commission concluded:
The only need shown by the applicant for regular route authority between Miami and Palm Beach is for transportation performed in buses whose drivers speak Spanish.