364 So.2d 463 (1978)
James T. KIMBALL, d/b/a American Transportation, Petitioner,
v.
Paula F. HAWKINS, William T. Mayo, and Robert T. Mann, As and Constituting the Florida Public Service Commission, Respondents.
No. 53363.
Supreme Court of Florida.
November 2, 1978.
*464 J.B. Curasi, Tallahassee, for petitioner.
Prentice P. Pruitt, Legal Director, M. Robert Christ and Paul Sexton, Staff Counsels, Tallahassee, for respondents.
Gregory A. Presnell of Akerman, Senterfitt & Eidson, Orlando, for intervenor, Tamiami Trial Tours, Inc. d/b/a Trailways.
Ansley Watson, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for intervenor, Gulf Coast Motor Line, Inc.
John H. Wilbur and James F. Valenti, Jr. of Milam & Wilbur, Jacksonville, for intervenor, Greyhound Lines, Inc.
HATCHETT, Justice.
We have for review an order of the Florida Public Service Commission denying a motor carrier's application for certificate of public convenience and necessity. Jurisdiction vests in this court under Article V, Section 3(b)(3), Florida Constitution. The Petition for Writ of Certiorari is denied.
Pursuant to application filed with the Public Service Commission, petitioner sought a certificate of public convenience and necessity authorizing (1) transportation of passengers from points on State Road 699 between St. Petersburg and Belleair Beach to dog tracks located in Tampa, St. Petersburg, and Sarasota, and (2) transportation of passengers to various tourist attractions, sporting, historical, and cultural events in Hillsborough and Pinellas Counties. The hearing examiner recommended that the Commission grant that portion of the authority sought pertaining to special operations to tourist attractions and other local events, finding: (1) petitioner was qualified to provide the limited transportation recommended to be authorized; (2) petitioner's proposal to originate package tours to Bay area restaurants, nightclubs, and other attractions, would meet a valid need for local service; and (3) the grant of authority within the Bay area would not create competition with over the road package tours offered by protestants, or significantly detract from their existing charter business. In Order No. 13748, the Commission denied petitioner's application in its entirety and found:
... public convenience and necessity does not require the grant of the Amended Application; that the Applicant has failed to prove he is qualified and possesses the necessary experience to provide the transportation proposed; that *465 there is no proof to show that the existing certificate holders have not provided the transportation reasonably required by the Commission; that the grant of the authority requested would adversely affect the transportation facilities and transportation as a whole in the territory involved.
It is petitioner's contention that by rejecting the hearing examiner's findings without specifically stating that those findings were unsupported by competent, substantial evidence, the PSC departed from the essential requirements of law. In support of his position, petitioner relies on Section 120.57(1)(b)(9), Florida Statutes (1975), which provides in pertinent part as follows:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order [of the hearing examiner], but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
Respondent argues and we agree, that this section of the Administrative Procedure Act is inapplicable to this proceeding.
Section 120.57(1)(b)(9) states that an agency may not reject or modify the findings of fact contained in the "recommended order" of the hearing examiner without expressly stating that those findings are unsupported by competent substantial evidence. Section 120.52(13) defines "recommended order" as follows:
"Recommended order" means the official recommendation of a hearing officer assigned by the division to an agency for the final disposition of a proceeding under s. 120.57. (Emphasis added.)
"Division" means the Division of Administrative Hearings, Department of Administration. Section 120.52(5). Clearly, under these sections, the findings contained in a recommended order of an assigned hearing officer are entitled to great weight. They may not be rejected or modified unless they are unsupported by the evidence.
The factual findings of an examiner for the Public Service Commission, however, are not entitled to the same presumptive weight. Section 120.57(1)(a)(3) specifically provides:
A hearing officer assigned by the division shall conduct all hearings under this subsection, except for:
3. Hearings before ... the Public Service Commission or its examiners.
Since Section 120.52(13) defines a recommended order as that of a hearing officer assigned by the Division for a proceeding under Section 120.57, the recommended order of an examiner employed by the PSC is not a recommended order contemplated by Section 120.52(13) and is therefore outside the requirements of Section 120.57(1)(b)(9). Under that section, an agency is bound by the examiner's findings only when the examiner is assigned by the DOA.
Our reading of the general provisions of Section 120.57 are consistent with the more specific provisions of Section 323.07, Florida Statutes (1975):
The Commission may prescribe qualifications for the appointment of hearing examiners and the procedure before hearing examiners, provided, however, that the commission shall not be bound by the findings of fact or conclusions of law of such hearing examiners, and shall have authority to take additional testimony and evidence, and to grant and hear oral arguments and rehearings in all cases. [Emphasis added.]
This section reflects the Legislature's intent to extend to the Public Service Commission broad discretion in making its decisions.[1] To the extent that Morgan Drive Away of *466 Florida, Inc. v. Florida Public Service Commission, 313 So.2d 690 n. 2 (Fla. 1975), holds otherwise, it is overruled.
The only test to be applied in reviewing the Commission's order is whether it is supported by competent, substantial evidence. Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976); American Sightseeing Tours, Inc. v. Bevis, 326 So.2d 437 (Fla. 1976); The Sentinel Star Express Co. v. The Florida Public Service Commission, 322 So.2d 503 (Fla. 1975). Petitioner argues that this order is not so supported. In Fargo Van & Storage, Inc. v. Bevis, 314 So.2d 129 (Fla. 1975), we held that a presumption of correctness attends the orders of the Public Service Commission and that the burden falls on the petitioner to prove the incorrectness of such orders. Since petitioner has failed to supply the record in this case to substantiate his claim that the order entered below was not supported by competent substantial evidence, we find that he has failed to meet his burden.
In light of our determination above, we need not decide whether the recommendation of the hearing examiner comports with the requirements of Section 323.03(3)(c), Florida Statutes (1975).[2]
Accordingly, the order of the Public Service Commission denying petitioner's application for a certificate of public convenience and necessity must stand. Petition for Writ of Certiorari is denied.
It is so ordered.
BOYD, Acting C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Subsequent to the enactment of the new Administrative Procedure Act, the Legislature substantially revised Ch. 323, Fla. Stat. See Ch. 77-434, Laws of Fla. Section 323.07 remained unchanged, further evidencing the Legislature's intent to leave broad discretion in the PSC.
[2] Section 323.03(3)(c) provides as follows:

When application is made by a motor carrier for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.