BOYD, Justice.
By petition for certiorari we have for review an order of the Public Service Commission. We have jurisdiction. Art. Y, § 3(b)(3), Fla.Const.; § 350.641, Fla.Stat. (1977).
Maximum Services, Inc., applied to the Public Service Commission for authority to transport passengers and their baggage in “special operations,” on irregular routes and schedules, in round trip transportation from points on St. Petersburg beaches to attractions and events in a large territory of central Florida. The application was referred for hearing to a Public Service Commission examiner, who recommended denial of the application. The examiner relied on the two grounds that public convenience and necessity do not require the grant and that to grant the authority would adversely affect transportation in the territory. The Public Service Commission granted the requested authority, and a protesting motor carrier petitioned for certiorari.
The scope of this court’s review by certiorari of orders of the Public Service Commission is narrow. It is limited to determining whether the commission’s action comports with the essential requirements of law and is supported by competent and substantial evidence. Florida Telephone Corp. v. Mayo, 350 So.2d 775, 778 (Fla.1977). The petitioner contends that the order departs from the essential requirements of law in that it grants authority to provide charter service in violation of the requirement of section 323.14(2), Florida Statutes (1975), that such authority only be granted to common carriers having fixed route authority in the same territory. The petitioner also asserts that, to the extent that the Public Service Commission has authority under the statute to grant the application, it failed to make the findings required by section 323.03(3), Florida Statutes (1975). *393 Finally, the petitioner argues that the finding that the grant of authority is justified under the standard of public convenience and necessity, and other required findings, are not supported by competent, substantial evidence.
We presume that orders of the Public Service Commission are correct, and the petitioners have the burden of proving the opposite. Fargo Van & Storage, Inc. v. Bevis, 314 So.2d 129, 132 (Fla.1974). The commission concluded that the authority sought here is not charter authority as defined in section 323.01(10), Florida Statutes (1975). Therefore, the prohibition of section 323.14(2) on the grant of charter authority “except in conjunction with the grant of regular route certificates” does not apply. In its order the commission characterized the authority being granted as “special operations,” which is a distinct category of authority, different from charter authority. See § 323.03, Fla.Stat. (1975); Rule 25-5.43(3), Fla.Admin.Code. This court has held that the commission has statutory power to grant certificates for “special operations” where the criteria of section 323.-03 are met. Tamiami Trail Tours, Inc. v. Bevis, 316 So.2d 257, 260-61 (Fla.1975). The petitioner’s first contention, therefore, is without merit.
Having seen that the commission has the power under chapter 323, Florida Statutes (1975), to grant operating authority such as that at issue here, the next question is whether the commission has given proper consideration to the criteria of section 323.03(3), as it is required to do. At issue specifically are the provisions of subsection 323.03(3)(a) that “the commission in granting any such certificate shall take into consideration the effect that the granting of such certificate may have upon transportation facilities within the territory sought to be served by said applicant, and also the effect upon transportation as a whole within said territory;” and of subsection 323.-03(3)(c) that:
When application is made by a motor carrier for a certificate to operate as a common carrier in a territory or on a line already served by a certificate holder, the commission shall grant same only when the existing certificate holder or holders serving such territory fail to provide service and facilities which may reasonably be required by the commission.
It appears on the face of the commission’s order and from the record that the required factors were taken into consideration and the required findings were made. The only question remaining, therefore, is that raised by the petitioner’s third contention: whether the factual findings are supported by competent and substantial evidence.
In reviewing orders of the Public Service Commission, this court does not reevaluate the probative weight of the evidence but confines itself to the very narrow review called for by the “competent and substantial evidence” test. Blocker's Transfer & Storage Co. v. Yarborough, 277 So.2d 9, 11 (Fla.1973).[1] The evidence here is sufficient.
The order of the Public Service Commission is proper. The petition for certiorari is denied.
It is so ordered.
ENGLAND, C. J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.

. The commission itself is under no such restraint when dealing with the factual findings of one of its hearing examiners. Kimball v. Hawkins, 364 So.2d 463 (Fla.1978).