SCHWARTZ, Chief Judge.
After trial, the hearing officer found that the appellant shopping center had twice paid sales taxes on the consumption by its tenants of electricity received through a single master meter; first, when it itself paid those amounts after being billed by the power company, and again when it transmitted the same taxes after being reimbursed by the tenants.[1] Accordingly, he recommended that Omni’s applications for refund of those taxes be granted. See Sec. 212.12(12), Fla.Stat. (1981); Sec. 212.081(3), Fla.Stat. (1981).
In the final order now before us, however, the Comptroller denied the refund requests solely on the basis that it was the tenants, and not Omni, who had been the victims of the double payments. The agency determined that the billings to each tenant had included a tax upon the initial tax — that, in other words, for each $1,000 of power consumption as billed by Florida Power & Light, Omni remitted $1,040 to the company, and then received $1,040 plus $40 in sales tax on that amount from the lessee, of which it transmitted only $40 to the state. In this scenario,[2] the appellee asserts, citing State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla.1973), that Omni was not harmed by any double taxation on the same services and therefore lacks standing to receive a refund.
We cannot approve this determination because it is apparent that the directly contrary factual findings of the hearing officer that Omni did not collect a double tax from its tenants are fully supported by *541 competent, substantial evidence in the record before him.[3] For example, an Omni representative stated:
Q Did Omni remit the entire sales tax it collected to the State?
A Yes.
Q Did you also remit the part of the sales tax attributable to the utility charge to the State?
A Yes.
Q If a particular tenant used $1,000 worth of electricity, did you pay the utility company $1,040 for that electricity?
A Yes.
Q Was $40 of that $1,040 a sales tax which went to the State?
A Yes.
Q Did you in turn collect $1,000 from the tenant, plus $40 in sales tax?
A Yes.
Q Did you remit that $40 to the State along with the sales tax on rental receipts?
A Yes.
Q Did the State collect $80 on the same $1,000 of electrical usage?
A Yes. The State collected $40 from the utility company and an additional $40 from Omni.
On this record, therefore, the agency’s substitution of its own finding on and of the critical fact is plainly impermissible and must be rejected. Section 120.57(l)(b)(9), Fla.Stat. (1981); Kimball v. Hawkins, 364 So.2d 463 (Fla.1978); Dade County Police Benevolent Association v. City of Homestead, 444 So.2d 465 (Fla. 3d DCA 1984), and cases cited.
The appellee agrees that, on the facts found by the hearing officer, Omni is entitled to recover. Accordingly, the order under review is reversed and the appellee is directed to grant the refunds in question.
Reversed.

. The recommended order includes the following findings of fact:
7. Omni makes no profit on the sale of electricity and gas. Rather, it is simply being reimbursed by the tenants for their actual utility consumption.
8. If the applications are denied, Petitioner will have paid a sales tax on the utility consumption twice — once when the monthly utility bills were paid, and a second time for "additional rent" for occupancy of the premises.

. We use the word advisedly.

. Indeed, we can find nothing whatever in the record, as opposed to mere speculation, to support the conclusion of the Comptroller.