454 So.2d 795 (1984)
Albert SNEIJ, M.D., License No. 34499, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. 84-213.
District Court of Appeal of Florida, Third District.
September 4, 1984.
Herzfeld & Rubin, New York City, and Jonas J. Schattner, Sunrise, for appellant.
Joseph W. Lawrence, II, and John E. Hale and Julie Gallagher, Tallahassee, for appellee.
Before SCHWARTZ, C.J., HUBBART, J., and SHARP, WINIFRED J. (Associate Judge).
PER CURIAM.
The final administrative order under review is affirmed insofar as it finds that the respondent Dr. Albert Sneij was guilty of failing to keep appropriate medical records as charged in counts 8 and 12 of the administrative *796 complaint. Plainly, substantial, competent evidence was adduced before the hearing examiner below to support the Board's findings thereon. § 120.68(10), Fla. Stat. (1983).
The final administrative order under review is reversed, however, insofar as it finds that the respondent Dr. Albert Sneij was guilty of committing the acts of professional misconduct charged in counts 1-7, 9-11, 13-33 of the administrative complaint. We conclude that there was no substantial, competent evidence adduced before the hearing examiner below to support the Board's findings thereon. § 120.68(10), Fla. Stat. (1983). Indeed, the hearing examiner below found that these counts had not been proven due to the paucity of evidence presented thereon. The hearing examiner concluded the following in her recommended order:
"In the instant case, the Petitioner failed to establish by clear and convincing evidence that the Respondent, in his care and treatment of the eight patients named in the Administrative Complaint, inappropriately prescribed controlled substances or prescribed excessive amounts of controlled substances, made deceptive or untrue or fraudulent representations in the practice of medicine or employed a trick or scheme in the practice of medicine, or prescribed controlled substances without good faith and outside the course of his professional practice. The Petitioner did establish by clear and convincing evidence, violations of Section 458.331(1)(n), Florida Statutes, in that the Respondent failed to keep written medical records justifying the course of treatment of John Marsden and Carol Rosen, as alleged at Counts 8 and 12 of the Administrative Complaint."
A doctor testified at the hearing below that he had examined Dr. Sneij's prescriptions and medical records on eight patients. These records, without dispute, were sparse and inadequate. Based on these records, as well as an investigative file, he concluded that the records kept by Dr. Sneij did not justify the heavy dosages of dilaudid prescribed for these patients by Dr. Sneij. This witness did not talk to any of the patients involved nor did these patients testify at the hearing. Dr. Sneij also testified at the hearing and admitted that his medical records were poorly kept. He denied any other wrongdoing, however, although his memory of the patients involved was somewhat shaky. No other witnesses testified at the hearing. Plainly, this evidence was woefully insufficient to establish any of the charges against Dr. Sneij, save for the record-keeping violations. See Walker v. Florida State Board of Optometry, 322 So.2d 612 (Fla. 3d DCA 1975).
Beyond that, the law is clear that the Board was not free to reject the hearing examiner's findings when, as here, these findings were based on competent, substantial evidence. This being so, the Board had no authority, in any event, to reject summarily the hearing examiner's findings and to substitute its own findings therefor. Kimball v. Hawkins, 364 So.2d 463 (Fla. 1978); § 120.57(1)(b)(9), Fla. Stat. (1981).
Inasmuch as we are upsetting some of the essential findings of the administrative order under review, we are compelled to reverse the penalty imposed which was based, in part, on these findings, see § 120.68(10), Fla. Stat. (1983), and remand the cause to the Florida Board of Medical Examiners with directions to (1) modify the order under review so as to accept the hearing examiner's findings and (2) impose a new penalty on Dr. Sneij based solely on the record-keeping violations committed herein.
Affirmed in part; reversed in part and remanded.
SCHWARTZ, Chief Judge (specially concurring).
While I do not disagree with the majority's assessment of the evidence, I think it inappropriate for this court even to engage in such an exercise. I would base the conclusion to reverse solely on the ground that since the findings of the hearing officer, *797 whose function it is to make these determinations, are supported by substantial competent evidence, the agency improperly set them aside. Section 120.57(1)(b)(9), Florida Statutes (1981); Kimball v. Hawkins, 364 So.2d 463 (Fla. 1978).