461 So.2d 134 (1984)
Jake W. PURVIS, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF VETERINARY MEDICINE, Appellee.
No. AX-497.
District Court of Appeal of Florida, First District.
November 16, 1984.
*135 William F. Casler, Sr., St. Petersburg, for appellant.
James H. Gillis, Dept. of Professional Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
Appealing from a final order of the Department of Professional Regulation, Board of Veterinary Medicine (Board), finding him guilty of negligence and incompetency in the practice of veterinary medicine, appellant contends that the Board erroneously substituted its own findings of fact for the findings of the hearing officer and that the Board's order is not supported by competent substantial evidence. We agree and reverse.
On March 27, 1981, an administrative complaint was filed by the Board charging in two counts that Dr. Purvis was guilty of negligence and incompetence in the practice of veterinary medicine and that Dr. Purvis failed to maintain proper records as required by statute and regulatory rule. The Board voluntarily dismissed the charge of failure to maintain records, and a formal administrative hearing on the remaining count was held before the Department of Administrative Hearings.
Evidence presented at the hearing showed that on June 14, 1980, Dr. Purvis treated a black Labrador Retriever that had been struck by an automobile. The dog, when brought to him on a Saturday morning by its owners, was comatose. Dr. Purvis immediately examined the dog and opined that it had suffered a concussion and spinal shock. Dr. Purvis indicated that only time would tell whether the dog would recover, and said he would call the owners and let them know how the dog was doing. After the owners left the office, Dr. Purvis treated the dog with antibiotics and an intravenous injection for shock.
Because they had not received a call from Dr. Purvis, the owners returned to his office on Sunday morning. The office was closed, but around noon they found a caretaker who let them in. As the owners describe it, they found their dog comatose and immobile, saturated with urine and its own defecation, in a cage in the examining room. Later that afternoon, Dr. Purvis received a call from the owners and went down to the office to check on the dog. While at the office, he gave the dog 500 cubic centimeters of fluid and attempted to clean the still comatose animal as best he could. Because the dog was incontinent, it was constantly dribbling urine and fecal matter, which made it very difficult to keep the animal clean. Dr. Purvis then called the owners and reported that the dog, although still comatose, had shown some improvement because it was making some movements.
On Monday morning, the owners removed their dog to their own veterinarian, Dr. Wood, who examined it and made two X rays. His physical examination revealed that the dog was clearly a quadraplegic, and he recommended euthanasia. The primary purpose of the X rays, according to Dr. Wood, was to help the owners understand *136 his recommendation of euthanasia. Dr. Wood was called as a witness for the Board and testified that he could not state that the treatment given by Dr. Purvis was negligent or incompetent. No other expert testified on behalf of the Board.
The hearing officer filed a recommended order containing various findings of fact, including a finding that "there was no evidence that Dr. Purvis's care fell below the standard of care for veterinarians in the community." Based upon these findings, the hearing officer concluded that the Board had failed to prove its charges against Dr. Purvis. Counsel for the Board did not file any exceptions to the recommended order and urged the Board to accept the findings and conclusions of the hearing officer. On January 26, 1984, the Board considered and rejected the recommended order at a regularly scheduled public meeting. On February 3, 1984, the Board entered its final order adopting, with a single exception, all of the hearing officer's findings of fact. The Board substituted its finding that "Dr. Purvis did not make a presumptive diagnosis, and his evaluation, documentation,[1] and therapy fell below the standard of care provided by veterinarians in the community" for the hearing officer's finding quoted above. Based upon its substituted finding, the Board concluded that Dr. Purvis was guilty of negligence and incompetency and imposed a $350 fine and two years probation.
Section 474.214(1)(q), Florida Statutes, sets forth "negligence, incompetency or misconduct, in the practice of veterinary medicine" as a ground for disciplinary action. The parties to this appeal have treated "negligence" and "incompetency" as meaning a failure to comply with the minimum standard of care or treatment required of a veterinarian under the circumstances. We accept that construction of this penal statute. Unlike a charge of violating a statute or rule under section 474.214(1)(g), which requires no proof of a standard of care, the charge against Dr. Purvis necessarily required evidentiary proof of some standard of professional conduct as well as deviation therefrom.
As evidentiary support for its final order, the Board primarily relies upon the records of Dr. Purvis allegedly showing that he failed to make a presumptive diagnosis of the dog's condition upon his initial examination. Dr. Purvis testified, however, that upon examining the dog he diagnosed it as having a concussion and spinal shock, and his testimony was accepted by the hearing officer and the Board in its final order. Why this diagnosis does not satisfy the need for a "presumptive diagnosis" does not appear in the record or in the Board's order. The Board does not dispute the diagnosis.
Of greater importance, however, is the fact that the Board never introduced any evidence at the administrative hearing to show the appropriate standard of care which it contends Dr. Purvis failed to meet. The Board introduced no expert testimony, no statute, no rule, nor any other type of evidence to establish the appropriate standard of care or that Dr. Purvis fell below that standard.
To justify its substituted finding of fact, the Board argues that "consideration of the ultimate facts in this matter were less questions of witness credibility or factual issues susceptible of ordinary methods of proof, and more subjects which the Board may rightfully claim very special insights beyond those of the Appellee [DPR], the Appellant [Purvis], and the Hearing Officer," citing in support McDonald v. Department of Banking & Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). The precise language of McDonald on the cited page states that:
In determining whether substantial evidence supports the agency's substituted findings of fact, a reviewing court will naturally accord greater probative force *137 to the hearing officer's contrary findings when the question is simply the weight or credibility of testimony by witnesses, or when the factual issues are otherwise susceptible of ordinary methods of proof, or when concerning those facts the agency may not rightfully claim special insight.
* * * * * *
At the other end of the scale, where the ultimate facts are increasingly matters of opinion and opinions are increasingly infused by policy considerations for which the agency has special responsibility, a reviewing court will give correspondingly less weight to the hearing officer's findings in determining the substantiality of evidence supporting the agency's substituted findings.
Id. at 579.
McDonald involved an application for authority to organize and operate a bank. While we do not question the validity of the proposition quoted from McDonald, neither do we agree that it is applicable in this proceeding to discipline a professional for impermissibly deviating from accepted standards of conduct. In disciplinary proceedings of this nature, the Board has the burden of proving the applicable standard of conduct by competent substantial evidence, and there is a substantial difference between "evidence which `substantially' supports conventional forms of regulatory action and evidence which is required to support `substantially' a retrospective characterization of conduct requiring suspension or revocation of the actor's license." Bowling v. Department of Insurance, 394 So.2d 165, 171 (Fla. 1st DCA 1981). In Bowling, the court emphasized:
Rather, we glean a requirement for more substantial evidence from the very nature of licensee discipline proceedings: when the standards of conduct to be enforced are not explicitly fixed by statute or by rule, but depend on such debatable expressions as `in the applicable regular course of business'; when the conduct to be assessed is past, beyond the actor's power to conform it to agency standards announced prospectively; and when the proceeding may result in the loss of a valuable business or professional license, the critical matters in issue must be shown by evidence which is indubitably as `substantial' as the consequences.
Id. at 172.
Section 120.57(1)(b)9, Florida Statutes, prohibits an agency from rejecting or modifying the hearing officer's findings of fact "unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence." Yet the Board's order failed to state with particularity any reasons for rejecting the hearing officer's finding. Since there was simply no evidence to establish that Dr. Purvis's conduct fell below any particular standard, the hearing officer's rejected finding of fact was a correct statement supported by the record and should have been accepted by the Board. It was error for the Board to substitute its own finding of deviation from a standard of conduct known only to them which had not been proven in the record. Johnston v. Department of Professional Regulation, 456 So.2d 939 (Fla. 1st DCA 1984); Thorn v. Florida Real Estate Commission, 146 So.2d 907, 910 (Fla. 2d DCA 1962). Since the record contains no competent substantial evidence to support the Board's finding of negligence and incompetence, we vacate the Board's order and remand with directions to dismiss the charges against appellant with prejudice. Johnston v. Department of Professional Regulation, supra; Sneij v. Department of Professional Regulation, 454 So.2d 795 (Fla. 3d DCA 1984).
Dr. Purvis has also moved for an award of attorney's fees and costs pursuant to section 120.57(1)(b)9, Florida Statutes. As in Johnston v. Department of Professional Regulation, supra, we conclude that, under the circumstances shown by the record, Dr. Purvis is entitled to an award of attorney's fees for all proceedings, *138 including this appeal, and costs to be taxed against appellees pursuant to that statute; and we remand this aspect of the case to the hearing officer of the Division of Administrative Hearings to hold a fact-finding hearing and to make recommendations to this court as to the amount of awardable costs and attorney's fees for appellant at the hearing level and on this appeal. The hearing officer shall promptly consider this matter and file his report with this court within forty-five (45) days of the date of this opinion. We will then enter a separate order taxing the amount of costs and attorney's fees.
REVERSED and REMANDED.
ERVIN, C.J., and MILLS, JJ., concur.
NOTES
[1] The Board's substituted finding that appellant's "documentation" was below acceptable standards is patently erroneous in view of the Board's voluntary dismissal of the second count charging failure to maintain proper records.