PEARSON, TILLMAN (Ret.), Associate Judge.
This cause is before us on appeal from a final order of the Division of Florida Land Sales and Condominiums (Division), finding appellant Gould guilty of violating Sections 498.023(1) and (2), 498.049(4), 498.051(l)(a), (b), and (d), and 498.035, Florida Statutes *614 (1981).[1] The order’s penalty provision fined Gould the sum of $10,000 “for each of the foregoing violations,” and included a cease and desist order, and a requirement *615 that he offer rescission and full refund to “all purchasers of an interest in subdivided land located at the Indian Woods of Winter Springs subdivision” and to any persons from whom he had directly or indirectly received monies “related to the purchase or lease of an interest in subdivided land at Indian Woods of Winter Springs subdivision.” The issues on appeal are: (1) whether the final order is supported by competent, substantial evidence; (2) whether the Division’s notice to show cause adequately informed Gould of the nature of the charges filed against him; (3) whether there is any evidence that Gould violated Chapter 498, Florida Statutes, in his individual capacity; and (4) whether the final order sufficiently sets forth the penalties imposed upon Gould.
Although a recitation of all the evidence presented is unnecessary, in order that our decision may be understood, we set forth the following evidence regarding Gould’s method of operation. Gould is the President of Vaughn Motors, Inc., a corporation which sells mobile homes. Indian Woods of Winter Springs (Indian Woods) is a residential mobile home community owned by Mohican Valley, Inc. (Mohican), of which Gould is president. The typical operation is that individuals wishing to live in Indian Woods contract to purchase a mobile home from Vaughn Motors, Inc., and then contract to lease a lot from Indian Woods. When the mobile home is delivered and set up on the lot, the transaction is completed.
The first alleged violation in the notice to show cause was that Gould had “participated in the offer and/or disposition of lots, parcels, units, or interests in the Indian Woods subdivision in violation of Section 498.023(1), and/or Section 498.049, and/or Section 498.051, in that the subject real property was neither exempt, registered, nor approved for the taking of reservation deposits as provided by Chapter 498, Florida Statutes.” In connection with this allegation, it must be noted that Section 498.-025(l)(h), Florida Statutes (1981), provides an exemption for any offer or sale of an interest in land on which there is a building or as to which there is a legal obligation on the part of the seller to construct such a building within two years from the date of the disposition. The second alleged violation in the notice to show cause was that Gould had published or caused to be published false and misleading advertising in the offer and/or disposition of subdivided lands in violation of Section 498.035, and/or Section 498.049, and/or Section 498.051, Florida Statutes (1981). The third alleged violation was that Gould had participated in the offer and/or disposition of subdivided lands without delivering to each purchaser a current public offering statement as required by Chapter 498.
In support of the first alleged violation, the Division listed five transactions, *616 four of which were individual leases for lots in Indian Woods. The hearing officer found that the four individual transactions were exempt pursuant to Section 498.-025(l)(h). The Division, in its final order, agreed as to the exemption of one lease but found that the other three leases were not exempt. At oral argument, the Division conceded that the second of these individual leases was exempt from the application of Chapter 498. We hold that the hearing officer’s finding that the two remaining leases were exempt is supported by competent, substantial evidence, and, in so holding, we rely on the following definition of competent, substantial evidence set forth by the Florida Supreme Court in De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957):
We have used the term “competent substantial evidence” advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. In employing the adjective “competent” to modify the word “substantial,” we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the “substantial” evidence should also be “competent.” [citations omitted]
Our review of the record convinces us that the hearing officer’s finding that the two remaining individual transactions at issue were exempt from Chapter 498, comes within the rule that findings in a hearing officer’s recommended order are entitled to great weight and may not be rejected or modified unless they are unsupported by the evidence. Kimball v. Hawkins, 364 So.2d 463 (Fla.1978).
The fifth transaction listed under the first alleged violation concerned 156 leases entered into before Mohican purchased Indian Woods. The Division contended that the assignment of the 156 leases to Mohican was a bulk transfer, such being a transaction within the purview of Chapter 498. The hearing officer found that the assignment of the 156 leases was in fact taken by Mohican but that the assignment was not a disposition under Chapter 498. The Division agreed with the hearing officer’s finding that Gould had no official connection with the subject mobile home subdivision prior to its purchase by Mohican. The only evidence offered in support of the charge that the acceptance of the assignment of the 156 outstanding leases constituted a violation of the Chapter 498 was the assignment itself. We hold that the Division’s proof of a violation was insufficient and find no basis for the Division to reject the hearing officer’s finding that no violation was proved.
As above mentioned, the notice to show cause contained a second alleged violation that Gould had published or caused to be published false and misleading advertising in the offer of subdivided lands. We find that the notice to show cause reasonably informed Gould of the nature of the charges against him, and Gould admitted that he caused advertising to be published concerning the offering of the lot leases in the subdivision after its purchase by Mohican. The hearing officer found that Gould was aware that the entire subdivision was subject to a foreclosure proceeding being litigated in Seminole County. The substantial encumbrance of the title to these lots was not revealed to prospective lessees/purchasers in the advertisements. The hearing officer and the Division found this violation proved, and we find that appellant has not shown error as to this violation.
Regarding the third alleged violation, the Division approved the hearing officer’s finding that Gould violated Sections 498.023(1) and (2) “by participating in the offer or disposition of interests in subdivided lands without the subdivision being registered and without a current public offering statement being filed, approved by the *617 Division, and provided to the purchasers or lessees and by participating in dispositions of interests in subdivided lands involving misrepresentation.” We hold that no error has been shown as to this violation.
Appellant’s argument that all of the violations must be reversed because there is no evidence that he violated Chapter 498, Florida Statutes (1981), in his individual capacity is without merit.
Thus, the final order is affirmed in part and reversed in part, and the penalty is reversed. The cause is remanded to the Division for assessment of penalty upon the two violations proved.
Affirmed in part, reversed in part, and remanded.
MILLS and NIMMONS, JJ., concur.

. Section 498.023, subsections (1) and (2), Florida Statutes (1981), provides:
498.023 Prohibitions on dispositions of interests in subdivided lands. — Unless the subdivided lands are exempt or the transaction is exempt pursuant to s. 498.025:
(1) No person may offer or dispose of, or participate in an offer or disposition of, any interest in subdivided lands located in this state, nor may any person offer or dispose of, or participate in an offer or disposition of, any interest in subdivided lands located without this state to persons in this state, nor may any person within this state offer or dispose of, or participate within this state in an offer or disposition of, any interest in subdivided lands located without this state to persons located without this state, unless such person has a valid order of registration therefor.
(2) No person may dispose of, or participate in the disposition of, any interest in subdivided lands unless a current public offering statement is delivered to the purchaser prior to the disposition, the purchaser is afforded a reasonable opportunity to examine the public offering statement prior to the disposition, and the contract and public offering statement used contain a provision which authorizes the purchaser to cancel the agreement without cause until midnight of the seventh day after execution by the purchaser.
Section 498.049(4), Florida Statutes (1981), provides:
(4) The division may, by order, impose civil penalties against any person for violations of this chapter or rules relating hereto. Such imposition of a civil penalty shall not preclude the division from invoking any other appropriate remedy authorized by this chapter. Each person who materially participates in any offer or disposition of any interest in subdivided lands in violation of this chapter or rules relating hereto, which violation involves fraud, deception, false pretenses, misrepresentation, or false advertising or involves the disposition, concealment, or diversion of any funds or assets of any person so as to adversely affect the interests of a purchaser of any interest in subdivided lands, and who directly or indirectly controls a subdivider or is a general partner, officer, director, agent, or employee of a subdivider shall also be liable under this subsection jointly and severally with and to the same extent as the subdi-vider, unless such person did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by which such liability is alleged to exist, and among such persons there is a right of contribution as in cases of contracts among persons so liable, except that a creditor of a subdivider so liable shall not be jointly and severally liable unless the creditor has assumed managerial or fiduciary responsibility in a manner which is pertinent to the basis for the liability of the subdivider under this subsection. No civil penalty so imposed shall exceed $10,000 for each offense, and all amounts collected shall be deposited with the Treasurer to the credit of the Florida Land Sales Trust Fund. No order requiring the payment of a civil penalty shall become effective until 20 days after the date of such order, unless otherwise agreed in writing by the person on whom the penalty is imposed.
Section 498.05l(l)(a), (b), and (d), Florida Statutes (1981), provides:
498.051 Cease and desist orders.—
(1) The division may issue an order requiring a person to cease and desist, and to take such affirmative action as in the judgment of the division will carry out the purpose of this chapter, if the division determines that the person has:
(a) Violated any provision of this chapter;
(b) Directly or through an agent or employee knowingly engaged in any false, deceptive, or misleading advertising, promotional, or sales methods to offer or dispose of any interest in subdivided lands;

(d) Disposed of any interest in subdivided lands which have not been registered with the division;....
Section 498.035, Florida Statutes (1981), provides:
498.035 Advertising material.—
(1) The division, by rule or order, shall require the filing for approval of advertising material relating to subdivided lands prior to distribution of such material and may charge a fee of $10 for the filing of such advertising material.
(2) Advertising submitted as part of the initial registration of land shall be treated as part of such initial registration and shall be reviewed for approval in accordance with the requirements of this chapter and rules hereunder. Advertising submitted subsequent thereto shall be deemed a subsequent filing, and the division may require such supporting data as it deems necessary at the time of the subsequent filing. Such subsequent filing shall be approved or disapproved within 10 days after the date of filing, but, if the division fails to approve or disapprove such information within such period, the subdivider may cause to be published or distributed all information which has been properly filed.
(3) In any communication wherein any subdivider solicits or attempts to induce, entice, or otherwise influence any person who has previously executed a contract to prepay *615 or accelerate payments on the contract, the subdivider shall advise such person that such prepayment will not accelerate the seller’s obligation to deliver a deed or the time for making improvements to the property.
(4) The division may require full disclosure of all pertinent information concerning a vacation or visitor campaign, including the terms and conditions of the campaign and the fact and extent of participation in such a campaign by a subdivider. The division may further require reasonable assurances that the obligations incurred by a subdivider or his agents in a certificate program can be met.
(5) "Advertising” shall not be deemed to include:
(a)Stockholder communications such as annual reports and interim financial reports, proxy materials, registration statements, securities prospectuses, applications for prospectuses, property reports, offering statements, or other documents required to be delivered to a prospective purchaser by an agency of any other state or the Federal Government;
(b) All communications addressed to and relating to the account of any person who has previously executed a contract for the purchase of the subdivider’s lands, except when directed to the sale of additional lands or the prepayment or acceleration of payments on any purchase contract; or
(c) Press releases or other communications delivered to newspapers or other periodicals for general information or public relations purposes, if no charge is made by such newspapers or other periodicals for the publication or use of any part of such communications.
(6)The division may establish, by rule, provisions for the deletion of advertising material no longer in use.