493 So.2d 2 (1986)
UNIVERSITY COMMUNITY HOSPITAL, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Tampa General Hospital, Appellee.
No. 84-965.
District Court of Appeal of Florida, Second District.
May 16, 1986.

*3 ON AWARD OF ATTORNEY'S FEE
FRANK, Judge.
As a prelude to the matters requiring resolution at the present stage of this proceeding, it is appropriate to summarize the past events. The appellant, University Community Hospital (UCH), successfully challenged the denial to it by the Department of Health and Rehabilitative Services (HRS) of a certificate of need (CON) essential to the creation and operation of cardiac catheterization laboratories and an open heart surgery program. University Community Hospital v. Department of Health and Rehabilitative Services, 472 So.2d 756 (Fla. 2d DCA 1985). The essential bases for our decision were that HRS had arbitrarily denied UCH a CON and that substantial competent evidence supported its grant. Pending before us at that time was a motion filed by UCH pursuant to section 120.57(1)(b)(9), Florida Statutes (1983), seeking the award of an attorney's fee in the event it prevailed in our review of HRS's determination to deny the CON. Upon consideration of that motion, we directed UCH and HRS to furnish us with, inter alia, their respective positions explicating the question of whether section 120.57(1)(b)(9) was applicable in its pre- or post-October 1, 1984, form.[1] In a subsequent opinion we concluded that we were not faced with the need to determine which version of the statute controlled in light of our initial judgment that HRS's conduct in denying UCH a CON was sufficiently egregious to reach the level of a "gross abuse," thus satisfying the more stringent standard found in the post-October 1, 1984, statute. In that same opinion, we instructed HRS to request the Division of Administrative Hearings (DOAH) to assign a hearing officer to the task of conducting a hearing for the purpose of developing an evidentiary record from which we could determine the amount of fees and costs to be awarded UCH. Thus, an evidentiary hearing was undertaken by a DOAH hearing officer, a report was furnished to the court, the parties filed exceptions and memoranda, and the state, acting through the Attorney General, sought and was accorded belated status as an amicus to urge its position bearing upon a threshold question to which we now turn.
HRS and the Attorney General have urged that we adopt a construction of section 120.57(1)(b)(9) limiting UCH's fees and costs to those expended only at the appellate stage and foreclosing an award of fees and costs incurred at the hearing stage. UCH, of course, contends that fees and costs are statutorily recoverable for both aspects of the proceeding. The resolution of this question substantially affects HRS's ultimate obligation, a factor playing no part in our assessment of the issue. It must be noted that the legislature has invested HRS, in the interest of the public good and welfare, with a substantial responsibility logically, properly and justly to regulate and allocate entry by health care providers into the market place in order to achieve the legislatively determined end that medical services be reasonably available. *4 To a great extent, HRS has the authority and power to create monopolistic enterprises, through the grant or denial of certificates of need, in contemplation of insuring to the citizens of Florida "the delivery of essential health services through greater emphasis on long-range planning and less reliance on crisis intervention." § 381.025(2), Fla. Stat. (1985). The faithful execution of that charge requires a higher degree of attentiveness and fairmindedness than we were able to identify when this matter was first before us for review; we condemned HRS's denial to UCH of the CON it sought as a "gross abuse" of agency discretion. § 120.57(1)(b)(9), Fla. Stat. (1985).
Having concluded that HRS' conduct met the test of a "gross abuse" of its power, we shall follow section 120.57(1)(b)(9) in its most recent version without deciding whether it or the predecessor language is to govern this matter; we perceive the statute in either form to produce the same result. Stated differently, HRS and the amicus, if not expressly, certainly implicitly, concede that UCH would be entitled to fees and costs as an "aggrieved prevailing party" under section 120.57(1)(b)(9) as it existed prior to amendment. HRS and the amicus contend, however, that the 1984 language modification controls thus limiting the fee and cost recovery to the appellate stage. We disagree. A dissection and analysis of section 120.57(1)(b)(9) discloses that it was refashioned in 1984 to govern two distinct circumstances. The prefatory portion of the statute, generally applicable to judicial review proceedings, provides that "[w]hen there is an appeal, the court in its discretion may award reasonable attorney's fees and costs to the prevailing party...." The award of such fees and costs, however, is disjunctively conditioned upon the court's finding (1) "that the appeal was frivolous, meritless, or an abuse of the appellate process," or (2) "that the agency action which precipitated the appeal was a gross abuse of the agency's discretion." The confinement of judicial review in section 120.68(1) to a "party ... adversely affected by final agency action ..." makes plain that condition 1 was added solely to express the legislature's intent that fees and costs be assessed against a nongovernmental litigant upon a finding of unjustified or abusive invocation of the appellate process. In that instance, the affected agency is entitled to recover its expended fees and costs. It is equally manifest that the purpose of condition 1 is separable from and has no bearing upon condition 2; the latter was enacted as a restriction upon the award of fees and costs in the absence of an aggrieved party demonstrating that the agency whose final action is being reviewed has grossly abused its discretion. The significant amendment found in condition 2 speaks only to the standard against which the appellate court is to scrutinize agency action in determining whether fees should be assessed; in all other respects the statute is functionally unchanged from its pre-1984 state. Within the foregoing backdrop, we elect to follow Purvis v. Department of Professional Regulation, 461 So.2d 134 (Fla. 1st DCA 1984), and Johnston v. Department of Professional Regulation, 456 So.2d 939 (Fla. 1st DCA 1984); UCH is entitled to recover from HRS fees and costs for each stage of the litigation. Finally, we have considered the hearing officer's report and recommendation, the exceptions and memoranda filed by UCH and HRS and the memorandum filed by the amicus, and we find no error in the hearing officer's report; he followed and properly applied the standards announced in Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
Accordingly, we adopt the Hearing Officer's findings, conclusions and recommendation that UCH recover attorney's fees in the total sum of $94,665.00 and costs in the total amount of $3,930.20.
RYDER, C.J., and SANDERLIN, J., concur.
NOTES
[1] Section 120.57(1)(b)(9), prior to October 1, 1984, provided, in pertinent part, as follows:

In the event a court reverses the order of an agency, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party.
The 1984 legislature amended section 120.57(1)(b)(9) to provide, in relevant part, that:
When there is an appeal, the court in its discretion may award reasonable attorney's fees and costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion.