543 So.2d 352 (1989)
M.J.B., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-1439.
District Court of Appeal of Florida, Fifth District.
May 11, 1989.
*353 John L. Whiteman of McClure & Whiteman, St. Augustine, for appellant.
R.S. Power, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
GOSHORN, Judge.
M.J.B. appeals the Department of Health and Rehabilitative Services' final order denying his petition for the expungement or reclassification of a child abuse investigation classified by HRS as "confirmed". We reverse.
At the hearing the parties stipulated that M.J.B. was a school instructor and T.L. a student subject to the rules and regulations of the school; that M.J.B., in his role as a staff member of the school, punished T.L. by swatting her three times; that the corporal punishment was administered in accordance and conformity with the rules promulgated by the school for the administration of such punishment. Additionally, HRS presented two photographs of T.L. to establish its prima facie case. Appellant presented rebuttal evidence from witnesses and a physician. The hearing officer made extensive findings of fact, concluding that HRS failed to prove by the preponderance of the evidence that the corporal punishment administered by M.J.B. constituted child abuse under Chapter 415, Florida Statutes.
Although the Department of Health and Rehabilitative Services adopted the hearing officer's finding of facts, it denied M.J.B.'s request for expunction and ordered the report classified as confirmed. This was error. The Department may not reject or modify the hearing officer's findings of fact unless it first determines from a review of the record, and states with particularity in its order, that the findings of fact were not based upon competent evidence or that the proceedings did not comply with essential requirements of law. § 120.57(1)(b)(10) Florida Statutes (1987); Gershanik v. Department of Professional Regulation, Board of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984), rev. denied, 462 So.2d 1106 (Fla. 1985); Sneij v. Department of Professional Regulation, Board of Medical Examiners, 454 So.2d 795 (Fla. 3d DCA 1984). Here the Department not only failed to make such findings, it expressly adopted the findings of the hearing officer. Accordingly, it was error not to issue a final order reclassifying the investigative report as other than confirmed.
REVERSED and REMANDED
DAUKSCH and ORFINGER, JJ., concur.