ALLEN, Acting Chief Judge.
This is the second appearance of this controversy before this Court. The first case, Florik v. Florida Land Sales Board, Fla.App., 206 So.2d 41, was initiated by Frank J. Florik, for and on behalf of Gulf American Corporation, a Florida corporation, and as a stockholder, and on behalf of all other persons similarly situated, against Florida Land Sales Board, the members of the Board, Carl A. Bertoch, as Executive Director of said Board; Stewart D. Allen, *458 Don Reed, Charles Crumley, Dermott Noo-nan, and William B. Davis, as Monitors of Gulf American Corporation, appointed by the Board; and Gulf American Corporation, a Florida corporation, with its directors and officers also listed as respondents.
In the first proceeding we held that the petitioner, as a stockholder, had no right to institute the proceedings and dismissed his appeal.
In the instant case a Petition for Writ of Certiorari was filed by the Gulf American Corporation, a Florida corporation, to review an order of the Florida Land Sales Board.
The Legislature of Florida, on June 20, 1967, enacted Chapter 67-229, which became effective on August 1, 1967. The substance of Chapter 67-229 was to abolish the Florida Installment Land Sales Board and to establish a new board known as the Florida Land Sales Board, adding two additional members to the new board.
On October 13, 1967, after the effective date of Chapter 67-229, the new board, created by said Chapter, issued a rule to show cause directed to the Gulf American Corporation, in which Gulf American Corporation was charged with certain acts and practices in violation of Section 478.161, Fla.Stats., F.S.A. This was the old act covering violation of certain types of promotions of real estate subdivisions. The Gulf American Corporation was required to appear before the Florida Installment Land Sales Board probably because of a typographical error. Since Florida Installment Land Sales Board had been dissolved by Chapter 67-229, Fla.Stats., which created the new Florida Land Sales Board in its place, the latter board conducted the hearing.
Chapter 67-229, Fla.Stats., was designated as the Florida Uniform Land Sales Practice Law. Section 30, Chapter 478, Fla.Stats., F.S.A., is amended by adding a new section to be designated as Section 478.331, Florida Statutes, F.S.A., to read:
“478.331 Transfer of responsibilities.—
“(1) Upon the effective date of this act, the Florida installment land sales board shall be dissolved and the Florida installment land sales board trust fund along with all other assets and liabilities of the Florida installment land sales board shall be transferred to and become the property and obligations of the board.
“(a) This act does not apply to pending litigation and the board shall be substituted as a party in interest for the Florida installment land sales board upon the filing of an appropriate motion;
“(b) This act does not apply to any offense committed prior to. the effective date of this act, and any such offense is punishable as provided by the statute in force at the time such offense was committed ;
“(c) All registrants with the Florida installment land sales board shall automatically become registered with the board upon the effective date of this act and no additional fee, except the annual renewal fee, shall be required for any subdivided lands or advertising material presently registered or filed with the Florida installment land sales board for which fees have been paid.
“(d) The existing rules and regulations of the Florida installment land sales board shall be the rules and regulations of the board until such time as the same are amended, repealed or revised by the board in accordance with this act.”
Section 35 of the act provides:
“This act shall take effect August 1, 1967.”
Under the above quoted paragraph “(b)” the Florida Land Sales Board did not have jurisdiction or power to act on any offenses committed prior to August 1,1967.
*459 In the able and comprehensive brief filed by Judge Mallory Horton, of counsel for the Florida Land Sales Board, in the Florik case, supra, formerly before this court, it is stated:
“There can be no doubt that the purpose of the legislature in enacting Chapter 67-229 Laws of Florida 1967, was to vest in the respondent Board [Florida Land Sales Board] the duty and obligation to supervise, investigate and prosecute, if necessary, infractions of the law committed by those in the offering of real estate to the public. To say that they did not intend by their amendments to punish those who had before the repeal committed violations of the old law is to close one’s eyes to the obvious purpose or legislative intent. It is true the new act does not specifically transmit to the new Board the power and authority to consider violations of the old act. Likewise it is true, as is apparent from § 478.331(1) (b) that the legislature did not intend that any offenses committed prior to the effective date of the new act should go unpunished. * * * ”
Section 478.331 was specific on how the transfer of responsibilities should operate. It dissolved the old Board and transferred all of its assets and liabilities to the new Board; it left standing pending litigation and authorized the new Board to be substituted as a party in interest for the old Board upon the filing of an appropriate motion. Subsection (1) (b) specifically states that this act does not apply to any offense committed prior to the effective date of this act, then states that “any such offense is punishable as provided by the statute in force at the time such offense was committed,” which would probably relate to criminal offenses.
In the case of Gewant v. Florida Real Estate Commission, Fla.App.1964, 166 So. 2d 230, the Third District Court of Appeal had for review a disciplinary action taken against a real estate broker. The court held that the Real Estate Commission lost power to punish the real estate broker for violation of the statute relating to the failure to file promotional material where the statute was repealed while proceeding against the broker was pending. The court held that the Legislature removed from the Board’s jurisdiction all authority relating to administration of laws concerning advertising and promotional materials, although the Board retained jurisdiction over the broker and prohibition against alleged acts was retained in the new law.
The petition in the Gewant case, supra, states:
“ ‘g. That the Commission erred in denying the Motion to Dismiss of the Defendant GEWANT in that it patently appears that the Commission was deprived and divested of jurisdiction as of September 1, 1963 and could not therefore enter any orders subsequent thereto and more particularly the final order of November 27, 1963 from which this Petition for Certiorari is taken.’
“Petitioner shows that on the 25th of July, 1962, when the proceedings against him were instituted, § 475.51 Fla.Stat., was a subsisting part of Chapter 475, Fla.Stat. Therefore, the Florida Real Estate Commission had jurisdiction over violations of the law requiring real estate agents to file copies of promotional material. However, on May 21, 1963, while the proceedings were pending before the commission against the petitioner, Fla. Laws 1963, ch. 63-129, was enacted into law. This new law specifically provided that § 475.51 Fla.Stat. was repealed. No savings clause was included in the new statute. The provisions of the new law, Fla.Laws 1963, ch. 63-129, are now found as Chapter 478, Fla.Stat., and are known as the Florida Installment Land Sales Act. This act became effective on September 1, 1963, while the proceedings before the Commission were still pending against the petitioner. The effect of the *460 new legislation was to remove from the jurisdiction of the Florida Real Estate Commission all authority relating to the administration of the laws concerning real estate advertising and other promotional material.
“Petitioner thus presents the question of whether the repeal of § 475.51 during the pendency of the charges against him deprived the Florida Real Estate Commission of jurisdiction to proceed with charges for a violation of the section which occurred prior to- the repeal. Appellant relies upon the reasoning of the Supreme Court of Florida in State ex rel. Arnold v. Revels, Fla.1959, 109 So.2d 1. The opinion in that case dealt with an original proceeding in prohibition to prevent a circuit judge from considering a disbarment petition against the relator. The rule in prohibition was made absolute except that it was provided that the circuit judge might transfer the case to another circuit court having jurisdiction. In that case disbarment proceedings were filed against the relator in the Seventh Judicial Circuit. The relator contended that the Supreme Court had by the integration rule of the Florida Bar expressly superseded and nullified the statute under which the proceedings were brought. The court held:
“ ‘While no decision on the point has been made by this court, it appears to be universally held in the courts of other states and the federal courts that when the jurisdiction of a court depends upon a statute which is repealed or otherwise nullified, the jurisdiction falls even over pending causes unless the repealing statute contains a saving clause. * * * ’ ”
It is interesting to note that this decision was entered July 14, 1964, and applied to an act that took away the authority of the Real Estate Commission and vested it in the Florida Installment Land Sales Act, which act became effective September 1, 1963.
We find from the order of the Florida Land Sales Board, dated November 10, 1967, the following:
“IT IS ORDERED that the registration of the GULF AMERICAN CORPORATION as a registrant of the FLORIDA LAND SALES BOARD shall stand suspended for a period of thirty (30) days, which suspension shall commence thirty (30) days from the date of the entry of this Order, and
“IT IS FURTHER ORDERED that this Board shall appoint and designate up to five (5) persons who shall be known as Monitors, who shall serve in such place or places as the Board may select to aid the Respondent in correcting any of its past or present practices in order to conform with the law and the rules and the regulations of the Florida Land Sales Board, it being understood that such Monitors shall have the duty of observing and recommending such corrective measures as they or each of them considers proper. Such recommendations shall be made in writing to the Respondent and to the Board. Such Monitors shall be paid reasonable and fair fees established by this Board and paid for by Respondent, and shall serve for a period of one hundred fifty (150) days from the date of this Order.
“It is ordered that the Respondent shall be required to make restitution unto any contract purchasers, whose contract has not been cancelled or forfeited as of the date of this Order, in any land described and specified in Count I through IV, of the Rule to Show Cause heretofore issued by the Board; providing that such contract purchaser shall request such refund in writing within 150 days from the date of this Order.
“It is further ordered that the Company shall reimburse the Florida Land Sales Board for actual costs of its in *461 vestigation, which costs shall not exceed $5,000.
“The Rule to Show Cause can be — and is — hereby dismissed as to all of the individual Respondents named therein.”
In our former opinion in Florik, supra, we expressed doubt as to the authority of the Florida Land Sales Board to employ Monitors to, in effect, oversee the operation of this gigantic land company. Even if we did not quash the entire order to be entered herein, we would hold that the Florida Land Sales Board had no authority to appoint said Monitors and to expend sums ranging up to $150,000 for their expenses and salaries to be taxed against Gulf American Corp. From newspaper accounts approximately $60,000 of this sum was paid in to the said Board.
In the hearing before the Board no evidence was adduced. The hearing, in effect, was on statements made by Mr. Stewart D. Allen, general counsel for the Florida Land Sales Board and from the general counsel of the Gulf American Corporation. This irregularity probably was caused by an agreement that had been made between the officers of Gulf American Corporation and representatives of the Florida Land Sales Board for the Gulf American Corporation officials to plead guilty to the charges that were made.
The Rule to Show Cause, issued on the order of the Florida Land Sales Board on October 13, 1967, to the Gulf American Corporation and certain named officers, directors and employees of said corporation, set out the following:
Count I alleged that some acts took place subsequent to September 1, 1963, and that these acts came under investigation by the Florida Installment Land Sales Board in February, 1967. It further alleges that subsequent to September 1, 1963, Gulf American Corporation, through its officers, directors and/or employees, did engage in the sale of lots, etc.
In Count II of the Rule to Show Cause the actual sales were alleged to have taken place subsequent to September 1, 1963, from a subdivision plat not filed with the Florida Installment Land Sales Board, as required by law, and did conceal said fact from the Board at the time of the initial filing with the Board on or about the 10th day of June, 1966.
Count III alleged that the respondent, Gulf American Corporation, on or about the 4th day of November, 1963, did certain acts and that on or about the 9th day of September, 1966, filed in the public records of Collier County re-plats, etc., and that these acts were in violation of Chapter 478, Fla.Stats.
Count IV states that the Gulf American Corporation, by and through its officers, directors and/or employees, did on or about the 27th day of July, 1964, cause to be filed with the Florida Installment Land Sales Board a plat, etc., and thereafter, on or about the 2nd day of February, 1967 did certain other acts.
* Count V sets forth that Gulf American Corporation had previously been the subject of administrative proceedings by the Florida Installment Land Sales Board, predecessor to the Florida Land Sales Board and that Gulf American Corporation had persisted and continued misleading and deceptive sales tactics regarding the offering and sales of its subdivided lands. No particular date was set forth in Count V but it referred to the fact that the misleading and deceptive sales tactics complaints were filed with the Florida Installment Land Sales Board.
The Gulf American Corporation plead guilty to each of the five Counts of the Rule to Show Cause and was ordered to receive the punishment hereinabove set forth. Gulf American Corporation complied with the suspension period of thirty (30) days and did no business during that time at great financial loss to the corpor *462 ation. Since the acts involved in each of the five Counts took place prior to the effective date of Chapter 478, Fla.Stats., F.S.A., August 1, 1967, the Florida Land Sales Board did not have jurisdiction or power to act, even on a plea of guilty.
It is strongly urged by the briefs and argument of the Florida Land Sales Board that the Gulf American Corporation consented to and plead guilty to the charges set forth in this record and, therefore, Gulf American Corporation is estopped to question the actions of the Florida Land Sales Board in inflicting various penalties against Gulf American Corporation in this case.
In our opinion, we hold that the Florida Land Sales Board had no power to act under the provisions of the statute where the acts of Gulf American Corporation took place before August 1, 1967, the effective date of Ch. 478, Fla.Stats., F.S.A. Since the Board had no power to act, a plea of guilty or a consent decree would have had no effect nor force.
In 2 Am.Jur.2d, Administrative Law, §* 331, it is stated:
“An administrative agency cannot enlarge its own jurisdiction nor can jurisdiction be conferred upon the agency by parties before it. Accordingly, it is held that deviations from an agency’s statutorily established sphere of action cannot be upheld because based upon agreement, contract, or consent of the parties, nor can they be made effective by waiver or estoppel.”
By reason of the foregoing, we hold that the order and penalties set out in the order of the Florida Land Sales Board, dated November 10, 1967, against Gulf American Corporation, are a nullity and are quashed in toto.
PIERCE and HOBSON, JJ., concur.