SMITH, Judge.
On the eve of the day the Department of Health and Rehabilitative Services (HRS) proposed to issue a certificate of need (CON) to Manasota Osteopathic General Hospital (Manasota), Doctors’ Osteopathic Medical Center, Inc. (Gulf Coast) filed an Emergency Petition for Writ of Prohibition in this court. The petition sought to prohibit HRS from issuing a CON to Manasota on the grounds that such issuance would violate this court’s mandate in Gulf Coast Hospital, Inc. v. Department of Health and Rehabilitative Services, 424 So.2d 86 (Fla. 1st DCA 1982). After considering HRS’s response to our order to show cause and hearing oral argument in the matter, we have determined that a writ of prohibition would be inappropriate under the circumstances and instead issue this order to enforce our mandate in Gulf Coast Hospital, Inc., supra.
Six years ago Gulf Coast applied for. and was denied a CON to construct a 120 bed acute-care osteopathic hospital in Ft. Myers. Gulf Coast requested an administrative hearing. The hearing officer’s recommended order of denial was adopted by HRS. On appeal, this court held that HRS had applied the wrong criteria to Gulf Coast’s application, and that Gulf Coast had proved the criteria necessary for the issuance of a CON. This court determined that a CON for the osteopathic facility should have been granted, but because there was insufficient statistical evidence adduced to establish bed need, this court remanded with directions that HRS “authorize such sized facility as the evidence already adduced or further evidence which may be adduced establishes.” Gulf Coast Hospital, Inc., 424 So.2d at 93.
On remand, HRS granted Gulf Coast leave to amend its application. However, on May 31, 1983, HRS denied Gulf Coast’s amended application. Gulf Coast peti *1065 tioned for a formal administrative hearing and at the same time sought a writ of mandamus from this court to compel HRS to issue the certificate. Because Gulf Coast had an administrative remedy, this court denied the writ stating:
In view of the present posture of the case, the court will accord HRS the opportunity to support and, if necessary, to correct its position, and the issues raised in these proceedings will be considered on appeal, if any, from the agency’s final order.
Doctors’ Osteopathic Medical Center v. Department of Health and Rehabilitative Services, Case No. AT-335, order dated October 26, 1983.
However, subsequent to this court’s opinion in Gulf Coast Hospital, Inc., supra, Manasota applied to HRS for a CON to construct an osteopathic hospital in Sarasota County, Florida. HRS denied Manaso-ta’s application and Manasota requested a formal administrative hearing. Gulf Coast moved to intervene in this administrative proceeding. On June 6, 1984, counsel for Gulf Coast learned that HRS intended to issue a CON to Manasota. The petition for prohibition now before us was filed the next day, and this court temporarily stayed the issuance of a CON to Manasota. Meanwhile, Gulf Coast’s formal administrative hearing before HRS was scheduled to (and did) take place on June 26, 27, and 28, 1984.
Since Sarasota County and Lee County, which encompasses the Ft. Myers area, are in the same service district, District VIII,[1] Gulf Coast became seriously concerned that issuance of a certificate of need to Manasota would satisfy the need for osteopathic beds in District VIII, thus preempting the issuance of a CON to Gulf Coast;[2] hence, Gulf Coast’s petition for writ of prohibition in this court to prevent the issuance of a CON to Manasota. Gulf Coast contends in its petition that the issuance of a CON to Manasota would result in the denial of a CON to Gulf Coast, which is in direct contravention of this court’s mandate, thus justifying the issuance of a writ of prohibition forbidding any action but compliance with the mandate. Robbins v. Pfeiffer, 407 So.2d 1016 (Fla. 5th DCA 1981). HRS, on the other hand, urges denial of prohibition on three grounds: That issuance of a CON to Manasota will not prejudice Gulf Coast’s application (see footnote 2, supra)-, that Gulf Coast has an adequate remedy at law (by appeal from the administrative proceedings); and that HRS would not be acting in excess of its jurisdiction by issuing a CON to Manasota. But for the as yet unfulfilled command of our prior mandate, we would be persuaded to deny relief in this proceeding based on the holding of this court in Florida Convalescent Center v. State Department of Health and Rehabilitative Services, 445 So.2d 631 (Fla. 1st DCA 1984), under which an applicant for a CON under ordinary circumstances would have an adequate remedy by appeal from any adverse administrative order. The past history and present posture of this controversy is such that guidance from this court at this time seems advisable.
By way of observation, we note, as Gulf Coast correctly argues, that a party does not have jurisdiction to disobey a mandate of this court. We also note that counsel for HRS has assured this court, both by written response and in oral argument, that the issuance of a CON to Mana-sota will not affect Gulf Coast’s application because the number of beds granted to Manasota in its CON proceeding will not be taken into consideration in the determination of bed need in connection with Gulf *1066 Coast’s application. Furthermore, counsel for HRS has represented to this court that a CON will be issued to Gulf Coast, and that the only question that remains is a determination of the number of beds the certificate will issue for. Moreover, counsel stated, and counsel for Gulf Coast tacitly agreed, that Gulf Coast’s administrative hearing on its amended application, which was conducted during the pendency of this proceeding, was restricted to an inquiry into the number of beds which should be issued to Gulf Coast, and the number of beds intended to be issued to Manasota did not enter into the hearing. Accordingly, we find that the facts do not necessitate the issuance of the extraordinary writ of prohibition. Instead, we find it sufficient to grant the alternative relief requested by petitioner, which is also consistent with the representations made by HRS’s counsel, by ordering that a CON be granted to Gulf Coast in conformance with the mandate of this court in Gulf Coast Hospital, Inc., supra, for the number of beds which the evidence supports, such evidence not to include the number of beds intended to be issued to Manasota, or to any other entity within the same district. See Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 328 So.2d 825 (Fla.1975). Further, we deem that the mandate of this court in Gulf Coast Hospital, Inc., supra, requires that Gulf Coast’s application for a CON be given priority over any other osteopathic facility’s application for a CON ⅛ the District VIII service district.
It is so ordered.
BOOTH and JOANOS, JJ., concur.

. See Section 20.19(4)(a), Florida Statutes (1983).

. See, Osteopathic Medical Hospital, Inc. v. Department of Health and Rehabilitative Services, 5 FALR 2294-A (October 13, 1983). In fairness, we note that in its response to the petition for prohibition in the case before us, HRS represents that osteopathic need is determined in the community, or service area, as opposed to on a district-wide basis, citing Section 381.494(2), Florida Statutes (1983). Our disposition of the present controversy does not require resolution of this point of contention between the parties.