465 So.2d 1294 (1985)
Anthony CASH, Joe L. Holland, Douglas Lavern Adams and Hector Leon, Jr., Petitioners,
v.
Sharyn L. SMITH, Director, Division of Administrative Hearing, Department of Administration, State of Florida, Respondents.
No. BC-418.
District Court of Appeal of Florida, First District.
March 12, 1985.
Rehearing Denied April 22, 1985.
Anthony Cash, Joe L. Holland, Douglas Lavern Adams and Hector Leon, Jr., pro se.
Jim Smith, Atty. Gen., and John J. Rimes III, Asst. Atty. Gen., for respondents.
*1295 PER CURIAM.
Petitioners are inmates in the Florida State Prison system who filed a petition to determine the invalidity of a proposed Department of Corrections rule with the Division of Administrative Hearings. Sharyn L. Smith, Director of the DOAH, dismissed the petition by an administrative order stating that the petition failed to comply with § 120.54(4), Florida Statutes.[1] That order was rendered on August 9, 1984. On October 8, 1984, petitioners filed a document in this court entitled "Emergency Petition for Writ of Prohibition; A Writ of Mandamus and a Constitutional Stay Writ" in which petitioners seek an order compelling DOAH to entertain their rule challenge.
In addition to arguing on the merits, petitioners alleged that they had not been served with the order of dismissal and had no knowledge of its entry until September 10, 1984, too late to file a timely notice of appeal.
We entered a show cause order directing DOAH to show why the relief sought by petitioners in this court should not be granted. DOAH responded by suggesting that extraordinary relief was inappropriate and the petition should be treated as a plenary appeal from the order of dismissal. Normally, respondents' suggestion would be well taken. The dilemma, however, is that the petition is not timely as a notice of appeal so that if we treated it as such, it would have to be dismissed for lack of jurisdiction. Rule 9.110(b), Fla.R.App.P. At the same time, relief by extraordinary writ appears to be unavailable to petitioners. Assuming the truth of petitioners' assertion that they did not receive the dismissal order until the time for appeal had expired,[2] the underlying factual scenario is analogous to cases where review by habeas corpus is permitted when a prisoner's untimely filing of a notice of appeal was no fault of his own. See Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967); Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969). In such cases, belated appeal by habeas corpus is permitted because the order sought to be reviewed ultimately determines the legality of the petitioner's incarceration. However, unlike those cases, the present appeal has no bearing on petitioners' incarceration. Since petitioners here do not seek review of a conviction or of a denial of post conviction relief, the rationale for utilizing the writ of habeas corpus is not present.
Nor do any of the other extraordinary writs provide a remedy in this situation. Mandamus does not lie because petitioners are not seeking to coerce respondent to perform an official, ministerial duty which she is required by law to perform. See Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (Fla. 1967). Instead, petitioners are seeking review of the manner in which respondent has performed her duty. Similarly, prohibition is inapplicable because petitioners are not requesting this court to prevent respondent from exercising authority in a matter over which she has no jurisdiction. See English v. McCrary, 348 So.2d 293 (Fla. 1977). Ironically, what petitioners ultimately desire is that we exercise authority over respondent in excess of our jurisdiction.[3] Finally,[4] although the constitution provides this court *1296 with the power to issue "other writs necessary to the complete exercise of its jurisdiction,"[5] we find no remedy for petitioners in that clause. Our authority to issue "other writs" is similar to the Supreme Court's "all writs" power found in Art. V, § 3(b)(7). In construing that clause, the Supreme Court has held that it cannot be used as an independent basis of jurisdiction. St. Paul Title Insurance Corp. v. Davis, 392 So.2d 1304 (Fla. 1981); Besoner v. Crawford, 357 So.2d 414 (Fla. 1978). As in Davis and Besoner, the present application is not sought to protect existing jurisdiction of the court; it seeks an independent basis for invoking our jurisdiction.
Because we find that none of the extraordinary writs provides a remedy for petitioners and because we are without jurisdiction to review the order by direct appeal or common law certiorari,[6] the petition is dismissed. However, we certify the following question as being a matter of great public importance:
MAY THE APPELLATE JURISDICTIONAL TIME RESTRICTIONS BE EXTENDED BY STATE ACTION DEPRIVING A PARTY OF NOTICE OF THE ENTRY OF AN APPEALABLE ORDER?
Petition dismissed.
SHIVERS, WENTWORTH and NIMMONS, JJ., concur.
NOTES
[1] In its entirety, the order reads:

ORDER
This proceeding was initiated on the Petition of Anthony E. Cash, Douglas L. Adams, Joe L. Holland, Vernon Vaughn, Hector Leon, Jr., and James Fivecoat, pursuant to Section 120.54(4), Florida Statutes, and challenges the validity of Respondent's proposed Rule 33-3.02(6)(b), Florida Administrative Code. After reviewing the Petition, the undersigned finds that it does not comply with the requirements of Section 120.54(4), Florida Statutes, and it is therefore... .
[2] If we were to find petitioners otherwise entitled to relief, appointment of a commissioner to conduct a fact finding proceeding might be required. Due to our disposition of the cause, however, we may assume the truth of petitioners' representations.
[3] The 30-day time period for commencement of appeals is jurisdictional. Rule 9.110(b), Fla.R. App.P.
[4] For obvious reasons, the extraordinary writ of quo warranto is inapplicable here.
[5] Art. V, § 4(b)(3), Fla. Const. See also Rule 9.030(b)(3), Fla.R.App.P.
[6] Proceedings for review by common law certiorari must also be commenced within 30 days of rendition of the order to be reviewed. Rule 9.100(c), Fla.R.App.P.