471 So.2d 595 (1985)
UPJOHN HEALTHCARE SERVICES, INC., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. BG-199.
District Court of Appeal of Florida, First District.
June 12, 1985.
Alan C. Sundberg of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tallahassee, for appellant.
John M. Carlson, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Fort Lauderdale, for appellee.

ON MOTION FOR PARTIAL RELINQUISHMENT OF JURISDICTION AND MOTION FOR STAY
PER CURIAM.
Appellant moves for partial relinquishment of jurisdiction to the Department of Health and Rehabilitative Services (Department) *596 and/or for a stay of proceedings pending review by the Florida Supreme Court in Cash v. Smith, 465 So.2d 1294 (Fla. 1st DCA 1985). Appellant alleges it received no notice of the entry of the lower tribunal's final order until after the 30-day period for taking an appeal had passed.[1] The order in question was rendered January 25, 1985. The notice of appeal was filed April 24, 1985. The motion for partial relinquishment of jurisdiction to allow the department to vacate and reenter the order in question is denied. Appellant has cited, and we have found, no authority for the proposition that an agency may vacate an order subsequent to the 30-day period for filing a notice of appeal. Since the notice of appeal was not timely filed as required by Rule 9.110(b), Fla.R.App.P., this court lacks jurisdiction over the cause and the appeal is dismissed. However, as in Cash v. Smith, supra, we certify the following question to be one of great public importance:
MAY THE APPELLATE JURISDICTIONAL TIME RESTRICTIONS BE EXTENDED BY STATE ACTION DEPRIVING A PARTY OF NOTICE OF THE ENTRY OF AN APPEALABLE ORDER?
Accordingly, this appeal is dismissed and the motion for stay is denied as moot.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] As in Cash v. Smith, supra, we assume the truth of appellant's representation that it had received no notice of the entry of the final order. We recognize that in the event it is determined that appellant is entitled to relief, appointment of a commissioner to conduct fact finding proceedings may be necessary.