PER CURIAM.
Appellant, James R. Sulliman, filed his appeal in this court on February 13, 1984, and in the lower tribunal on March 12, 1984, to review an order dated November 11, 1983.
In his notice of administrative appeal, appellant alleged that the final order of the Florida Board of Psychological Examiners rendered on November 11, 1983, was not *4 mailed to the petitioner/appellant or his attorney of record, as required by Section 120.59(4), Florida Statutes, until February 8, 1984, by certified mail. Based on this allegation, the cause was relinquished by this court to the Department of Professional Regulation, Board of Psychological Examiners, for a factual finding and determination of this issue. The hearing officer found that petitioner/appellant’s attorney of record did not receive a copy of the final order until February 10, 1984, and was not notified of the entry of that order until shortly before that date.
The issue thus presented is whether the failure of the agency to furnish timely notice of entry of the order, so that the time period for appeal has expired when the affected party receives such notice, precludes review of the action below. We are constrained to hold that, the matter being jurisdictional, the appeal must be dismissed. Cash v. Smith, 465 So.2d 1294 (Fla. 1st DCA 1985); Upjohn Healthcare Services, Inc. v. Department of Health and Rehabilitative Services, 471 So.2d 595 (Fla. 1st DCA 1985). In accordance with the Cash and Upjohn decisions, we certify the following question to be one of great public importance:
MAY THE APPELLATE JURISDICTIONAL TIME RESTRICTIONS BE EXTENDED BY STATE ACTION DEPRIVING A PARTY OF NOTICE OF THE ENTRY OF AN APPEALABLE ORDER?
BOOTH, C.J., SHIVERS, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.