PER CURIAM.
On October 25, 1985, appellant filed a notice of appeal of Florida Public Service Commission order which was rendered April 16,1985. Admitting that the notice is untimely, appellant filed a contemporaneous motion to certify the following question to the Florida Supreme Court:
MAY THE APPELLATE JURISDICTIONAL TIME RESTRICTIONS BE EXTENDED BY STATE ACTION DEPRIVING A PARTY OF NOTICE OF THE ENTRY OF AN APPEALABLE ORDER?
See Cash v. Smith, 465 So.2d 1294 (Fla. 1st DCA 1985); Upjohn Healthcare v. Dept. H.R.S., 471 So.2d 595 (Fla. 1st DCA 1985); Sulliman v. Dept. of Professional Regulation, 474 So.2d 3 (Fla. 1st DCA 1985), in which the identical question was certified.
*131 Appellant alleges that it was not notified that either the recommended order or the final order had been rendered until well after the time for appeal had expired, contrary to the requirements of § 120.57(l)(b)8 and § 120.59(4), Fla.Stat. As more fully explained in Cash, we may assume the truth of appellant’s allegations, and still, the appeal must be dismissed. However, we grant appellant’s motion to certify the above-quoted question, and do so by publication of this order.
Appeal dismissed.
ERVIN, SMITH and NIMMONS, JJ., concur.