509 So.2d 1267 (1987)
RHPC, INC., d/b/a Riverside Hospital, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, et al., Appellees.
No. BN-221.
District Court of Appeal of Florida, First District.
July 10, 1987.
*1268 James W. Linn and Richard T. Donelan, Jr. of Carson & Linn, Tallahassee, John D. Harwell of Memel, Jacobs & Ellsworth, Los Angeles, Cal., for appellant.
William L. Hyde, Douglas L. Mannheimer and Sandra P. Stockwell of Culpepper, Turner & Mannheimer, Tallahassee, for appellee Dept. of Health and Rehabilitative Services.
R.L. Caleen, Jr. and Kenneth F. Hoffman, Oertel & Hoffman, Tallahassee, for appellee Tarpon Springs General Hosp.
ERVIN, Judge.
RHPC, Inc., d/b/a Riverside Hospital, appeals a final order of the Department of Health and Rehabilitative Services (HRS), dismissing Riverside's attempt to reinstate its certificate of need (CON) application, which it had previously voluntarily dismissed. We affirm.
Riverside sought a section 120.57 administrative hearing for the purpose of proving that HRS be estopped from refusing to reinstate Riverside's CON application. We agree that HRS was without jurisdiction to reinstate the application, once Riverside had filed its voluntary notice of dismissal, and that the theory of estoppel cannot be used to confer jurisdiction upon HRS.
The voluntary dismissal of the CON appeal by Riverside terminated the jurisdiction of HRS to consider further any issue relating to the CON application. Once the appeal was dismissed by Riverside, the earlier free-form denial of the CON by HRS took force and became final agency action. HRS has no jurisdiction to allow an untimely appeal of final agency action. See Upjohn Healthcare, Inc. v. Dept. of Health and Rehabilitative Services, 471 So.2d 595, 596 (Fla. 1st DCA), pet. for review dismissed, 475 So.2d 696 (Fla. 1985). Accord City of Jacksonville v. St. Johns Bluff Utility Co., Inc., 480 So.2d 130 (Fla. 1st DCA 1985), review dismissed, 488 So.2d 538 (Fla. 1986).
Since appellant's attempt to revive its CON application is untimely, HRS is without jurisdiction to take such action. See Humana of Florida, Inc. v. Dept. of Health and Rehabilitative Services, 500 So.2d 186, 187 (Fla. 1st DCA 1986), review denied, 506 So.2d 1041 (Fla. 1987). ("[B]efore an agency has `review' jurisdiction, a timely petition for review must be filed. Conversely, where a petition is withdrawn, agency jurisdiction ceases to exist.")
The key to appellant's attempt to reinstate its CON application is its theory that HRS, by its allegedly egregious actions, should be estopped from not reviving the application. However, even if appellant could prove that HRS acted egregiously, such action cannot mandate revival of the *1269 CON application, as "[a]n estoppel does not operate to confer authority or power." 22 Fla.Jur.2d Estoppel and Waiver § 7 (1980). See also Gulf American Corp. v. Florida Land Sales Board, 206 So.2d 457, 462 (Fla. 2d DCA 1968) (an administrative agency cannot enlarge its own jurisdiction, nor can it create jurisdiction by consent, estoppel or waiver, citing 2 Am.Jur.2d Administrative Law § 331).
HRS has filed a motion for an award of attorney's fees and costs, pursuant to Section 120.57(1)(b)9, Florida Statutes (1985). The above section provides that attorney's fees may be awarded in an appeal of an agency's final order, if the court finds that the appeal was "frivolous, meritless, or an abuse of the appellate process." Attorney's fees have on previous occasions been awarded pursuant to the above statute against HRS. See Doctor's Osteopathic Medical Center, Inc. v. Department of Health and Rehabilitative Services, 498 So.2d 478 (Fla 1st DCA 1986); University Community Hospital v. Department of Health and Rehabilitative Services, 493 So.2d 2 (Fla 2d DCA 1986).
Finding that the attempt to reinstate appellant's application and its subsequent appeal in the instant case is meritless and frivolous, we grant the motion for attorney's fees and costs against the appellant, limiting the award of fees and costs to the defense of this appeal. See § 120.57(1)(b)9., Fla. Stat. The cause is remanded to the Division of Administrative Hearings for a hearing on the issue of the amount of fees and costs as above directed, with directions also that a report be filed with this court within 45 days after the issuance of the mandate in this cause.
AFFIRMED.
WIGGINTON, J., and FRANK, RICHARD H., Associate Judge, concur.